**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARQUISE LELAND WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-CV-291-GKF-TLW |
| | ) |
| DAVID C. MILLER, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate represented by counsel, filed his petition (Dkt. # 1) on May 12, 2011. On June 13, 2011, Respondent filed a motion to dismiss (Dkt. # 9), alleging that the petition is a "mixed petition," containing unexhausted claims. Petitioner did not file a response to the motion to dismiss. For the reasons discussed below, the Court finds the petition is a "mixed petition," subject to dismissal without prejudice for failure to exhaust state remedies. However, the Court finds Petitioner should be afforded the opportunity to file an amended petition containing only exhausted claims and deleting unexhausted claims.

### *BACKGROUND*

The record reflects that in Tulsa County District Court, Case No. CF-2006-240, Petitioner was convicted by a jury of First Degree Murder (Count 1), Kidnapping (Count 2), and First Degree Robbery (Count 3). On April 1, 2008, the trial court sentenced Petitioner to life imprisonment on Count 1, ten (10) years imprisonment on Count 2, and five (5) years imprisonment on Count 3, with the sentences to be served consecutively. Petitioner was fined $10,000 per count. At trial, Petitioner was represented by attorney G. Donald Haslam, Jr.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Jamie D. Pybas, raised the following five (5) propositions of error:

| | |
|---|---|
| Proposition I: | Mr. White's confession to police was introduced in violation of his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7, 20, and 21 of the Oklahoma Constitution. |
| Proposition II: | The trial court denied Mr. White the opportunity to present a defense by excluding expert testimony regarding false confessions in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution. |
| Proposition III: | Waitki Crawford's confession to the homicide of Modesta Ramirez-Alvarez was admissible as a prior inconsistent statement both for impeachment purposes and substantively as exculpatory evidence of an alternate suspect, thus the trial court's exclusion of this confession violated Mr. White's rights to compulsory process and to present a defense under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article II, §§ 7, 20 and 21 of the Oklahoma Constitution.<br>A. Extrinsic evidence of Waitki Crawford's confession was admissible as impeachment evidence.<br>B. Extrinsic evidence of Waitki Crawford's confession was admissible as substantive evidence. |
| Proposition IV: | The trial court abused its discretion in admitting Jhirimi McClendon's alleged prior consistent statement where the foundational requirements had not been met, and this hearsay evidence improperly bolstered McClendon's testimony in violation of Mr. White's rights to a fair trial and due process under the Fourteenth Amendment to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution. |
| Proposition V: | The accumulation of error in this case deprived Mr. White of due process of law and necessitates reversal pursuant to the Fourteenth Amendment to the United States Constitution and Article II, § 7 of the Oklahoma Constitution. |

See Dkt. # 10, Ex. 1. In an unpublished Summary Opinion filed June 9, 2010, in Case No. F-2008-325, the OCCA affirmed Petitioner's Judgment and Sentence. See Dkt. # 10, Ex. 2. Nothing before the Court indicates Petitioner sought *certiorari* review in the United States Supreme Court or post-conviction relief in the state courts.

As stated above, Petitioner commenced this habeas corpus action by filing his petition on May 12, 2011. See Dkt. # 1. In his petition, Petitioner identifies his grounds for relief, as follows:

Ground One: Mr. White's confession was obtained by force and duress and was false. The admission of this false confession at the trial denied Mr. White a fundamentally fair trial.

Ground Two: The trial court's exclusion of the expert testimony of Dr. Shawn Roberson regarding this false confession issue unconstitutionally denied this Defendant Marquis L. White the opportunity to present a meaningful defense.

Ground Three: The witness Wataki Crawford told his uncle Dana Terrill White that he had committed the killing but denied, at trial, that he made this admission. The Trial Court denied Mr. White the right to put Dana White on to testify to this statement made by the witness Crawford thus denying Mr. White the ability to impeach the witness Crawford and to place in evidence exculpatory evidence of the perpetration of the crime by another individual. The Trial Court's exclusion of this essential evidence violated his constitutional rights to a fundamentally fair trial.

Ground Four: The trial court admitted a prior consistent statement of the Witness Jhirimi McClendon over the hearsay objection of defense counsel thus bolstering McClendon's testimony in violation of Mr. White's fundamental rights to a fair trial and due process under the Fourteenth Amendment to the United States Constitution and Article II §§ 7 and 20 of the Oklahoma Constitution.

Ground Five: The panel of potential jurors and those finally selected did not fairly reflect the racial and socio-economic distribution of citizens in Tulsa County thus the Defendant White was put on trial before a jury from which members of his race appear to have been systematically excluded.

> Ground Six: The combined effect of the errors stated in Grounds one [1] through five [5] served to deprive Mr. White of a fundamentally fair trial.

See Dkt. # 1. In response to the petition, Respondent argues that the amended petition is a "mixed petition" and should be dismissed without prejudice for failure to exhaust state remedies.

## *ANALYSIS*

The United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991). To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). To satisfy the exhaustion requirement, a prisoner must afford the state court the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim," Picard, 404 U.S. at 277 (quotation omitted; brackets in original), which entails presentation both of the facts on which he bases his claim and the constitutional claim itself. Wilson v. Workman, 577 F.3d 1284, 1292 (10th Cir. 2009) (citations omitted).

In the motion to dismiss for failure to exhaust state court remedies, Respondent asserts that ground five of the petition is unexhausted. The Court agrees. Petitioner acknowledges in the petition

4

that his fifth ground of error, challenging the racial and socio-economic composition of the jury, was not raised on direct appeal. See Dkt. # 1 at 16. Counsel for Petitioner explains that he interviewed appellate counsel concerning her failure to raise the claim on direct appeal and that she advised him that "she simply did not think of this issue." Id. To the extent Petitioner intends to raise a claim of ineffective assistance of appellate counsel for failing to raise the unexhausted claim, the claim of ineffective assistance of appellate counsel has never been presented to the state courts and is itself unexhausted. Furthermore, Petitioner has an available remedy for his unexhausted claims, an application for post-conviction relief. It appears that grounds 1, 2, 3, 4, and 6 are exhausted. Therefore, the instant petition is a "mixed petition," containing both exhausted claims and unexhausted claims, and is subject to dismissal without prejudice. Lundy, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statue of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275.

In the instant case, Petitioner filed his petition for writ of habeas corpus prior to expiration of the one-year limitations period. However, the pendency of this federal action does not serve to toll the limitations period. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the

statue of limitations is not tolled during the pendency of a federal petition). The one year limitations deadline has not yet passed.[1] However, in light of the short amount of time remaining in the one-year period, Petitioner runs the risk of being precluded from returning to federal court after exhausting his claims should this petition be dismissed without prejudice. Nonetheless, Petitioner may return to state court to exhaust state court remedies. Should he file an application for post-conviction relief prior to the habeas corpus deadline, the running of the limitations period will be suspended during the pendency of his properly filed post-conviction application. See 28 U.S.C. § 2244(d)(2). If Petitioner fails to obtain post-conviction relief, the one-year limitation period will resume running when the OCCA enters its Order denying post-conviction relief and Petitioner will have to file a federal habeas petition in the short amount of time remaining in the one-year period.

Although the Court has discretion to issue a stay in this matter while Petitioner returns to state court to exhaust his claims, Rhines, 544 U.S. at 276, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Counsel for Petitioner did not file a response to the motion to dismiss. Nothing in the record

---

[1] Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on September 7, 2010, or 90 days after the OCCA affirmed his conviction on direct appeal on June 9, 2010, when the period for seeking *certiorari* review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on September 8, 2010, and his deadline for filing a timely petition for writ of habeas corpus is September 8, 2011. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner's deadline is less than a month away. As a result, if this petition were dismissed, Petitioner would have to return promptly to federal court should he be denied post-conviction relief on his unexhausted claims by the state courts.

suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his petition. For that reason, the Court declines to stay this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to file an amended petition to delete the unexhausted claims and to proceed with the exhausted claims. See Rhines, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims, i.e., those claims identified in the petition that were raised on direct appeal, he may, within twenty-one (21) days of the entry of this Order, file an amended petition raising only his exhausted claims and deleting his unexhausted claims. If Petitioner fails to file an amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2. Within twenty-one (21) days of the entry of this Order, Petitioner may file an amended petition containing only exhausted claims and deleting the unexhausted claims, as identified herein. If Petitioner files an amended petition deleting his unexhausted claims, Respondent's motion to dismiss will be declared moot.

3. Should Petitioner fail to file an amended petition within twenty-one (21) days of the entry of this Order, the Court will enter an Order granting Respondent's motion to dismiss and

dismissing the amended petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.

DATED THIS 22nd day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma